UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02684-SEB-MPB |
| | ) | |
| RODNEY CUMMINGS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' Motion to Dismiss [Docket No. 7], filed on September 5, 2019, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff David Jones brings this action against Defendants Rodney Cummings, Steve Koester, and Daniel Kopp, pursuant to 42 U.S.C. § 1983. Mr. Jones alleges that Mr. Cummings, as elected Prosecutor of Madison County, Indiana, adopted an official policy, practice, or custom of ignoring State law and filing untimely amendments of charges against criminal defendants that violated his constitutional Due Process rights. Mr. Jones also alleges a § 1983 claim against Madison County Deputy Prosecutors Koester and Kopp, in their individual capacities, alleging that they committed abuse of process and maliciously prosecuted him when they filed an untimely amendment to add a criminal confinement charge against him and thereafter pursued that charge through conviction and sentencing. For the reasons detailed below, we GRANT Defendants' Motion to Dismiss.

1

**Factual Background**

In 2005, Mr. Jones was arrested and prosecuted for battery, intimidation, and being an habitual offender. Compl. ¶ 7; *Jones v. Zatecky*, 917 F.3d 578, 579 (7th Cir. 2019). During the course of Mr. Jones's prosecution, Madison County Deputy Prosecutors Steve Koester and Daniel Kopp moved to amend the charges against him to include a charge of criminal confinement nine days after the "omnibus date" set by the court, pursuant to Indiana Code § 35-34-1-5 (1982). Compl ¶ 7. Mr. Jones ultimately was convicted of the confinement charge and sentenced to twenty years' imprisonment. *Id.*

Mr. Jones petitioned for habeas relief, which was granted by the Seventh Circuit in *Jones v. Zatecky*, 917 F.3d 578, 583 (7th Cir. 2019), on grounds that he was denied effective assistance of counsel based on his attorney's failure to object to the untimely amendment. Compl. ¶ 7. On May 3, 2019, Mr. Jones was released from prison after serving more than half of the twenty-year sentence he received based on the untimely amendment. *Id.*

Mr. Jones now alleges that Rodney Cummings, the elected Prosecutor in Madison County, was a final policymaker, who adopted an official policy, longstanding practice or custom of deliberately ignoring state law and decisions of the Supreme Court of Indiana that violates individuals' constitutional rights. *Id* ¶ 11. In particular, Mr. Jones alleges that Mr. Cummings adopted a longstanding practice or custom of ignoring the omnibus deadline for amending charges established by Indiana Code § 35-34-1-5 (1982), as interpreted by the Indiana Supreme Court in *Haak v. State*, 695 N.E.2d 944, 951 (Ind.

1998). Compl. ¶ 11. As a result of Mr. Cummings's policy, practice or custom of ignoring the omnibus deadline, Mr. Jones alleges he was "incarcerated for more than a decade and suffered extreme emotional distress and other physical and mental injury and damages." *Id.* ¶ 12.

In addition, Mr. Jones alleges that deputy prosecutors Koester and Kopp "acted with deliberate indifference" when they "maliciously prosecuted[] and committed abuse of process against [Mr. Jones] under state law when they made an untimely amendment to add the charge of confinement . . . and pursued that charge through conviction[] and sentencing." *Id.* ¶ 16. Mr. Jones alleges that the deputy prosecutors "investigated and added the confinement charge . . . [solely] to increase his prison time by decades." *Id.* ¶ 14.

Defendants moved to dismiss Mr. Jones's complaint on September 5, 2019 on the grounds that: (1) Rodney Cummings "in his official capacity" is not a "person" for purposes of § 1983; and (2) Steve Koester and Daniel Kopp are entitled to absolute prosecutorial immunity. We address these arguments in turn below.

## Legal Analysis

**I.     Standard of Review**

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering whether a plaintiff has failed to state a claim upon which relief can be granted, the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*,

585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be "legally cognizable." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

## II.   Discussion

### A.   Count I

Count I of Mr. Jones's complaint alleges a claim against Mr. Cummings in his official capacity under 42 U.S.C. § 1983. Essential to Mr. Jones's claim is the assertion that Mr. Cummings, in his official capacity, qualifies as a "person" under § 1983. *See Lett v. Magnant,* 965 F.2d 251, 255 (7th Cir. 1992) ("Personhood is an essential element of a § 1983 claim."); Compl. ¶ 5. However, Mr. Cummings argues that Mr. Jones's § 1983 claim against him must be dismissed because he is a state official and it is well-established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This is the case because a suit against a state official acting in his or her official capacity

4

is in essence a suit against the State itself, and States, unlike municipalities, are entitled to the protection of the Eleventh Amendment. *Id* at 70-71.

Mr. Jones rejoins that Mr. Cummings, as a county prosecutor, is not a state official. In support of this contention, Plaintiff references the lack of binding precedent establishing that county prosecutors are state officials, arguing that, while there is some authority addressing the issue, the cases are all unpublished, and none address the key consideration, to wit, the extent to which the county prosecutor is financially independent from the State. We disagree with Mr. Jones on this argument, for the following reasons.

"Whether a particular official is the legal equivalent of the State itself is a question of that State's law." *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994). In addressing the issue of sovereign immunity, both this court and the Seventh Circuit have consistently held that, under Indiana law, county prosecutors are state officials when prosecuting criminal cases. *Srivatstava v. Newman*, 12 Fed. Appx. 369, 371 (7th Cir. 2001) (citing *Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998); *Study v. United States*, 782 F. Supp. 1293, 1297 (S.D. Ind. 1991)); *see also Lewis v. Wilkins*, 1:12-CV-847-SEB-DKL, 2013 WL 6858476, at *1 (S.D. Ind. Dec. 30, 2013); *Buquer v. City of Indianapolis*, 1:11-CV-00708-SEB, 2013 WL 1332158, at *14, n. 11 (S.D. Ind. Mar. 28, 2013); *Hendricks v. New Albany Police Dept.*, 4:08-CV-0180-TWP-WGH, 2010 WL 4025633, at *3 (S.D. Ind. Oct. 13, 2010).

While we concede that many of these cases are unreported, the legal analysis set forth in these decisions is both sound and persuasive. As the Seventh Circuit reasoned in

*Srivastava*, "The office of prosecutor is a creation of the Indiana Constitution, see Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers." 12 Fed. Appx. at 371. Furthermore, Mr. Jones acknowledges that prosecutors carry out criminal prosecutions in the name of the State. Pl.'s Mem. Br. Opp'n Defs.' Mot. Dismiss, at 5. Finally, although Mr. Jones attempts to make an issue of the degree of financial independence prosecutors have from the State, Indiana Code § 33-39-9-4 requires the State to pay expenses incurred by prosecutors arising from a decision of the office.  Mr. Jones's assertion is incorrect that previous cases have not discussed the degree to which county prosecutors are financially independent from the State, and, in particular, whether any monetary judgment against a county prosecutor would be paid by the State. The Seventh Circuit directly addressed these issues in *Srivastava* when it determined that Indiana county prosecutors are state officials. 12 Fed. Appx. at 371 ("[T]he state determines the prosecutor's salary and provides legal representation to a prosecutor sued in a civil action arising out of the prosecutor's performance of official duties, as well as indemnification against any resulting judgments.").

Plaintiff asks us to ignore several decisions holding that Indiana prosecutors are state officials — including a decision by the Seventh Circuit directly on point. He makes that request merely because the decisions were not reported; however, he has not cited any decision—reported or unreported—holding to the contrary. Based on the foregoing analysis, we hold that Mr. Cummings in his official capacity as elected prosecutor of Madison County is, in law and in fact, a state official; therefore, he is not a "person"

within the meaning of 42 U.S.C. § 1983. Accordingly, Mr. Jones's claim in Count I against Mr. Cummings in his official capacity must be dismissed.

### B. Count II

Count II of Mr. Jones's complaint alleges a § 1983 claim against Defendants Koester and Kopp, each in their individual capacities, for "malicious prosecution." Defendants rejoin that they are entitled to absolute prosecutorial immunity on the grounds that their actions were taken within the scope of their prosecutorial duties. Because we find that the act of preparing and filing an amended charge—even if untimely—falls squarely within the prosecutor's role as an advocate, absolute immunity shields Defendants' actions from suit, even if they were determined to have acted maliciously.

The Supreme Court has applied a "functional approach" in determining whether the actions of government officials are afforded absolute or qualified immunity in §1983 cases. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Prosecutors are entitled to absolute immunity for actions within the scope of a prosecutor's function as an advocate—such as when initiating a criminal complaint. *Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976). On the other hand, prosecutors are entitled only to qualified immunity for actions within the prosecutor's role as administrator or investigator—such as when giving legal advice to police. *Burns v. Reed*, 500 U.S. 478, 496 (1991).

Filing an amended charge is plainly an act of advocacy "closely associated with the judicial process," *id.* at 495, and Mr. Jones advances no real argument that it is

7

investigatory.[1] It is well-established that the preparation and filing of charging documents is a core prosecutorial action. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) ("These cases make it quite clear that petitioner's activities in connection with the preparation and filing of two of the three charging documents . . . are protected by absolute immunity."); *Imbler v. Pachtman,* 424 U.S. at 431 ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Pettiford v. Marion Police Dept.*, 1:13-CV-235, 2013 WL 6047610, at *2 (N.D. Ind. Nov. 15, 2013) ("the prosecutors are immune from [the plaintiff's] claims that they . . . amended his criminal charges after the deadline for doing so"). Accordingly, we hold that the deputy prosecutors are absolutely immune for their decision to file an amended charge against Mr. Jones. Because "absolute immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence,'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003), Mr. Jones's §1983 claim against Defendants Koester and Kopp in their individual capacities must be dismissed.

---

[1] In support of his § 1983 claim against Defendants Koester and Kopp, Mr. Jones relies primarily on principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). However, Mr. Jones has sued the deputy prosecutors in their individual capacities and, as such, *Monell* has no application in this context.

### III. Conclusion

For the reasons detailed above, we <u>GRANT</u> Defendants' Motion to Dismiss. Because this case is barred on sovereign immunity and absolute prosecutorial immunity grounds, this dismissal is with prejudice. Final judgment shall be entered accordingly.

    IT IS SO ORDERED.

Date: _____5/26/2020_____       _Sarah Evans Barker_

                                                SARAH EVANS BARKER, JUDGE
                                                United States District Court
                                                Southern District of Indiana

James William Avery
AVERY LAW FIRM
avery@averylawfirm.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov